IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL GIBBS,

                Petitioner,                      OPINION and ORDER

   v.

UNITED STATES OF AMERICA,                      24-cv-65-jdp
                                                                         21-cr-122-jdp

                Respondent.

---

Daniel Gibbs was convicted of distribution of 50 grams or more of methamphetamine and sentenced to 121 months incarceration, to be followed by six years of supervised release. Dkt. 75 in Case No. 21-cr-122. Gibbs, proceeding without counsel, moves to vacate his conviction and sentence under 28 U.S.C. § 2255. Dkt. 3 (amended petition). Gibbs alleges that his defense counsel was ineffective in several ways, primarily by failing to file a notice of appeal as requested and by failing to recognize that *United States v. Taylor,* 596 U.S. 845 (2022), would have limited the government's ability to use a prior federal conviction to enhance his sentence. The government opposes, Dkt. 13, and Gibbs has replied, Dkt. 16.

I'm not persuaded by Gibbs's argument about the impact of *Taylor*. On the basis of Gibbs's prior federal conviction under 18 U.S.C. § 924(c), the government could have charged him with two counts that, had he been convicted, would have resulted in combined mandatory minimum sentences totaling 40 years. But I don't need to fully address that issue yet.

Gibbs's allegation that he asked defense counsel to file a notice of appeal but counsel failed to do so will require an evidentiary hearing. The failure to file a notice of appeal after clear instructions to do so is deficient performance and presumptively prejudicial, regardless of the merits of the thwarted appeal. *Garza v. Idaho*, 586 U.S. 232, 242–43 (2019); *Roe v. Flores-*

*Ortega*, 528 U.S. 470, 484 (2000). But whether Gibbs instructed defense counsel to appeal is contested, so I'll hold a hearing to resolve that issue. I'll appoint counsel to represent Gibbs at the hearing.

BACKGROUND

Gibbs was charged in a superseding indictment with four counts: three counts of distribution of 50 grams or more of methamphetamine and one count of possession with intent to distribute one kilogram or more of mixture or substance containing a detectable amount of heroin, each in violation of 21 U.S.C. § 841(a)(1). Dkt. 25 in the '122 case. The first three counts were based on controlled buys made by a confidential source under the direction of law enforcement officers. The fourth count was based on controlled substances found during a warranted search of a residence associated with Gibbs. A firearm was also found during the search, but Gibbs was not charged with any offense involving the firearm. Given the charged quantity, each of the four counts carried a sentence of 10 years to life imprisonment.

Gibbs pleaded guilty to Count One of the indictment. In the written plea agreement, Gibbs admitted to negotiating and conducting the sale of a purported pound of methamphetamine that was confirmed by laboratory testing to be 440.5 grams of pure methamphetamine. Dkt. 49 (plea agreement) in the '122 case. After a hearing where Gibbs testified under oath, the court found that Gibbs's plea was knowing and voluntary and supported by a factual basis.

At sentencing, Gibbs was held accountable for six controlled buys and the drugs found in the residence: 1,323.6 grams of pure meth; 548 grams of a mixture or substance containing meth; 1,717.8 grams of heroin; and 16.09 grams of fentanyl, for a total converted drug weight

of 29,328.06 kilograms. Gibbs objected to a proposed two-level enhancement under USSG § 2D1.1(b)(1) for possession of the firearm found at the residence; the court sustained the objection because the evidence of Gibbs's possession was equivocal. Gibbs received a two-level enhancement for maintaining a drug premises under USSG § 2D1.1(b)(12). After credit for acceptance of responsibility, his total offense level was 35. With criminal history category II, his guideline imprisonment range was 151 to 188 months.

The court, following its usual practice, discounted the impact of the pure meth on the guideline calculation. If the pure meth had been treated as a mixture containing meth, the guideline range would have been 121 to 151 months. The court imposed a sentence at the bottom of the alternative guideline calculation, 121 months.

ANALYSIS

Gibbs enumerates five grounds in his amended petition, although in substance two are primary: defense counsel Vlisides failed to file an appeal despite Gibbs's request; and the magistrate judge overstated the impact that Gibbs's criminal history could have had on the maximum potential sentence, and Vlisides failed to recognize or correct the error.

Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that Vlisides provided ineffective assistance, Gibbs must show that Vlisides's performance was deficient and that the deficient performance prejudiced Gibbs's defense. *Id.* at 687. To prove deficient performance, Gibbs must show that Vlisides's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. I must "indulge a strong presumption that [Vlisides's] conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To prove

3

prejudice, Gibbs must show "a reasonable probability that, but for [Vlisides's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Conclusory claims of ineffective assistance are not enough to meet the *Strickland* standard. *See id.* at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component."). Likewise, petitions under § 2255 "must meet heightened pleading requirements." *Shanks v. United States*, No. 21-cv-1166, 2022 WL 16552876, at *2 (E.D. Wis. Oct. 31, 2022) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)); *see also Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if petitioner "makes conclusory or speculative allegations rather than specific factual allegations"); *United States v. Trumblay*, 234 F.2d 273, 275 (1956) (In a petition to vacate, the petitioner "must set forth facts and not merely conclusions.").

Gibbs contends that he instructed Vlisides that he wanted to appeal. His amended petition and his reply give the details. Gibbs says that he wanted to appeal all along, which is why he insisted that the appeal waiver be struck from first proposed plea agreement. Dkt. 3 at 5; Dkt. 16 (Gibbs's reply) at 2. But Gibbs's commitment to the appeal is not fully borne out by the rest of his allegations.

Gibbs says that after his sentencing, he told his wife, Samarly Morel, to tell Vlisides that he wanted to appeal, and that Morel emailed that request to Vlisides. *Id*. Morel's email specifies a single ground for the potential appeal:

> Also daniel is wanting to put in a notice of appeal regarding him
> maintaining a drug trafficking property.

4

Dkt. 7-1 at 3. Vlisides responded to Morel's email, expressing his opinion that an appeal of the premises enhancement would not be successful, and the more general opinion that an appeal would not be productive. *Id*. Vlisides arranged a teleconference with Gibbs to discuss the appeal. At the conclusion of the call, Gibbs said that "he would think about it." Dkt. 16 at 2.

According to Gibbs, he thought about it and decided he wanted to appeal. So he instructed Morel to email Vlisides "with express instructions to file an appeal." Dkt. 16 at 2. But Gibbs did not submit the second email to the court—he acknowledged that he does not have it.

The government argues that the court should reject this ground because Gibbs does not have the second email with instructions to Vlisides or a declaration from Morel. Dkt. 13 at 10–12. But Gibbs doesn't have to prove his case to get a hearing. He's made specific factual allegations that, if true, would entitle him to relief.[1]

A few words about the hearing. I will allow Gibbs to appear at the hearing by videoconference to avoid the necessity of transporting him to Wisconsin. Because Gibbs qualified for court-appointed counsel in his underlying criminal case, I will appoint counsel to represent Gibbs for the hearing and the preparation for it. If the parties are able to resolve the factual issue on the basis of documentary evidence without a hearing, they should inform the court.

---

[1] Both Gibbs's original and amended petitions are signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings and *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

ORDER

IT IS ORDERED that:

1. The court will hold an evidentiary hearing on defendant Daniel Gibbs's allegation that he asked defense counsel to file a notice of appeal.

2. The Federal Defender is to appoint counsel to represent Gibbs at the hearing and in preparation for it. The clerk of court is directed to send a copy of this order to the Federal Defender.

3. Once counsel is appointed, the clerk of court is directed to set a telephonic conference with Magistrate Judge Anita Marie Boor to set the date for the hearing.

Entered November 19, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge